IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL H. SLOAN,

    **Plaintiff,**

v.                                                        Civil Action No. 3:18cv260

MARIA CHILDRESS, *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on seven motions to dismiss:

(1) Defendant Judge William G. Petty's ("Judge Petty") Renewed Motion to Dismiss Amended Complaint ("Judge Petty's Motion to Dismiss"), (ECF No. 51);

(2) Defendants Norman K. Moon, United States District Judge ("Judge Moon"),[1] William P. Barr, Attorney General of the United States;[2] and the United States Department of Justice's ("DOJ" and, collectively, the "Federal Defendants") Motion to Dismiss Amended Complaint (the "Federal Defendants Motion to Dismiss"), (ECF No. 54);

(3) Defendants Maria Childress, Chris Bolling, Shayam Raman, and Susan Swecker's (collectively, the "Democratic Party Defendants") Motion to Dismiss Pursuant to Rules 12 and 8 of the Federal Rules of Civil Procedures (the "Democratic Party Defendants Motion to Dismiss"), (ECF No. 56);

---

[1] Sloan alleges that Judge Moon took actions both in his capacity as a United States District Judge and as a Virginia state court judge. The Federal Defendants Motion to Dismiss seeks to dismiss Sloan's allegations regarding Judge Moon's actions as a federal judge.

[2] Sloan originally brought suit against Jefferson Beauregard Sessions, III, the former United States Attorney General. Sloan did not specify whether he brought suit against Sessions in his individual or official capacity. However, because Sloan's sole allegation against "the Attorney General" in the Amended Complaint is that the Attorney General is "properly named as [a] defendant[] here because [he] supervise[s] the [Federal Bureau of Investigation ("FBI")]," and this must be done in the Attorney General's official capacity, the Court interprets Sloan's allegations as though he intended to name Sessions in his official capacity.
On February 14, 2019, William P. Barr was sworn in as the United States Attorney General. U.S. DEP'T OF JUSTICE, *Office of the Attorney General: Meet the Attorney General*, https://www.justice.gov/ag (last accessed July 25, 2019). Because Sloan named Sessions in his official capacity, the Court substitutes Barr for Sessions as the defendant in this case.

(4) Defendant the Honorable Ralph S. Northam, Governor of Virginia's Motion to Dismiss Amended Complaint ("Governor Northam's Motion to Dismiss"), (ECF No. 57);

(5) Defendant Mark Herring, Attorney General of Virginia's Motion to Dismiss Amended Complaint ("Attorney General Herring's Motion to Dismiss"), (ECF No. 59);

(6) Defendants Judge Lawrence Janow, Judge J. Michael Gamble, and Norman K. Moon, United States District Judge's[3] (collectively, the "Virginia Judges") Motion to Dismiss Amended Complaint (the "Virginia Judges' Motion to Dismiss"), (ECF No. 61); and,

(7) Defendant Frank G. Davidson, III's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8 (the "Davidson Motion to Dismiss"), (ECF No. 63).[4]

Sloan responded to each of the motions to dismiss. (ECF Nos. 67–73.) None of the defendants replied to Sloan's response and the time to do so has expired.

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. As explained below, because Sloan failed to comply with the Court's prior order and Federal Rule of Civil Procedure 8, the Court will grant the motions to dismiss and dismiss with prejudice Sloan's Amended Complaint. Even if the Court were to consider Sloan's Amended Complaint, the Court would likely find that it lacks subject matter jurisdiction as to several of the defendants and that Sloan failed to state a claim against the remaining

---

[3] The Virginia Judges' Motion to Dismiss seeks to dismiss Sloan's allegations regarding Judge Moon's alleged actions during his tenure as a judge on the Virginia Court of Appeals.

[4] Each of the defendants included in their motions to dismiss a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K) for the United States District Court for the Eastern District of Virginia.

2

defendants. The Court, then would likely dismiss Sloan's complaint under these alternate theories as well.[5]

## I. **Background**

### A.     **Summary of Allegations in Sloan's Original Complaint**

Sloan filed his original 86-page complaint in this Court seemingly seeking to hold Judge Janow, Judge Gamble, now-Judge Petty, Judge Moon, Davidson, Charles Roberts, and Darrell Jay Roberts accountable for kidnapping Sloan's daughter while Sloan and his daughter resided in the United Arab Emirates.[6] Sloan alleged that these defendants mistakenly believed that the Sloan family possessed great wealth, which the defendants could obtain by gaining custody of Sloan's daughter. Additionally, Sloan maintained that "[t]he Roberts were determined to kidnap the child so they could raise her as a Christian, rather than as a Muslim as both her parents were." (Compl. 17, ECF No. 1.) Sloan asked this Court to find Judge Janow, Judge Gamble, Judge Petty, Davidson, and Judge Moon guilty of kidnapping, conspiracy to commit kidnapping, and hiding these crimes. Sloan suggested that the Court place these defendants "in a secure location from which there will be no escape such as Guantanamo Bay." (*Id.* 84.)

---

[5] The Court recognizes that two defendants—Charles Edward Roberts and Darrell Jay Roberts—have failed to respond to Sloan's Amended Complaint. These two defendants, proceeding *pro se*, previously filed an Answer to Sloan's original complaint. (ECF No. 24.) Because Sloan failed to comply with the substantive and procedural dictates for filing his Amended Complaint articulated in this Court's December 21, 2018 Order after the Court warned him that such failure would "result in dismissal of this action without prejudice," (Dec. 21, 2018 Order 5, ECF No. 49 (capitalization omitted)), the Court will dismiss the Amended Complaint as to all defendants, including the Roberts defendants.

[6] The Court takes judicial notice of the fact that Sloan "has been a party to at least 35 separate actions filed in the federal courts since 1990." *Sloan v. Smith*, No. 6:09cv5, 2009 WL 453298, at *1 n.1 (W.D. Va. Feb. 24, 2009). As Judge Moon recognized in his 2009 decision, Sloan "has filed a number of complaints in the federal courts . . . which likewise arose out of plaintiff's attempt to characterize his loss of custody of his daughter as a kidnap[p]ing and a violation of his civil rights." *Id.* at *1 (footnotes omitted).

3

In his original complaint Sloan also sought an order from this Court declaring the "Virginia Felony Disenfranchisement Law" unconstitutional, (*id.* 3), and alleged that the Democratic Party Defendants wrongly excluded him from the ballot as a candidate for United States Congress.[7] Sloan sought numerous other types of relief as well.[8]

In response to his original complaint, many of the defendants filed a motion to dismiss and Charles Roberts and Darrell Roberts filed a joint Answer. The Court reviewed Sloan's original complaint and found that it "plainly offends Federal Rule of Civil Procedure 8."[9] (Dec. 21, 2018 Order 3, ECF No. 49.) "[I]n deference to Sloan's *pro se* status, and in the interest of justice," the Court allowed Sloan to file an Amended Complaint and provided him clear directions as to what that Amended Complaint must include. (*Id.* 3–5.) Sloan then filed his Amended Complaint.

### B. <u>Summary of Allegations in Sloan's Amended Complaint</u>

Although Sloan reduced his eighty-six pages of allegations to twenty-five pages in his Amended Complaint, he repeats many of his initial allegations with a similar absence of chronological or logical cohesion. For instance, without serious underpinning facts, Sloan maintains that Judge Janow, Judge Petty, Judge Moon, and Davidson "are clearly guilty of

---

[7] Specifically, Sloan claimed that even though he collected 1,226 signatures in support of his nomination and paid the filing fee, "Defendant Maria Childress, who is the Chairwoman of the Democratic Party for the 6th Congressional District, threw him off the primary ballot several days later without giving any reason therefore [sic] and without even returning his many phone calls." (Compl. 2.)

[8] For instance, Sloan requested that his mother's former home "be restored to the possession of Plaintiff and the Sloan Family," (Compl. 83); that the Court "reverse[] and declare[] [n]ull and [v]oid" Judge Gamble's orders granting custody of Sloan's daughters to "the Roberts family," (*id.*); and, that his prior convictions "be set aside and declared null and void." (*Id.* 84.) Finally, he sought a judgment in the amount of "$50 million, the same amount Defendants thought they were going to get from the estate of the father of Plaintiff." (*Id.* 85.)

[9] Rule 8(a) requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

kidnapping and conspiring to kidnap Plaintiff's daughter and the cover-up of these crimes."[10] (Am. Compl. 25, ECF No. 50.) He again requests that this Court "place[ these defendants] under arrest and place[ them] in a secure location from which there will be no escape such as Guantanamo Bay." (*Id.*)

Sloan also renews his assertions that the Democratic Party Defendants wrongly excluded him from the ballot in a recent election, stating that Childress told Sloan's campaign manager "that 'her boss' had told her not to allow the name of Plaintiff to appear on the ballot." (*Id.* 17.) Sloan maintains that he does not know who serves as Childress's "boss" and that, as a result, he named Raman, Swecker, Bolling, Governor Northam, and Virginia Attorney General Herring as defendants. (*Id.*) He again seeks an order from this Court declaring the "Virginia Felony Disenfranchisement Law" unconstitutional, (*id.* 22), alongside a spattering of seemingly unrelated additional avenues of relief that mirror those in his first complaint.[11]

The defendants filed the instant motions to dismiss in response to Sloan's Amended Complaint. Sloan's reply to each followed.

---

[10] Sloan alleges that he contacted the FBI on "innumerable" occasions to report the kidnapping of his daughter and his mother. (Am. Compl. 13–14.) He states that "[i]n spite of all these calls, the FBI undertook no investigation of these kidnappings." (*Id.* 14.) He supports his claim against the DOJ and United States Attorney General Barr by positing that they "are properly named as defendants here because they supervise the FBI and thus should have required the FBI to investigate these crimes to this day." (*Id.*)

[11] As he did in his original complaint, Sloan again asks that the Court "restore[] to the possession of Plaintiff and the Sloan Family" his mother's home (Compl. 83; Am. Compl. 23); that the Court "reverse[] and declare[] [n]ull and [v]oid" Judge Gamble's orders granting custody of Sloan's daughters to "the Roberts family," (Compl. 83; Am. Compl. 24); that his prior convictions "be set aside and declared null and void," (Compl. 84; Am. Compl. 24); and a judgment in the amount of $50 million "the same amount Defendants thought they were going to get from the estate of the father of Plaintiff," (Compl. 84; Am. Compl. 24).

## II.
## Sloan Failed to Comply With Federal Rule of Civil Procedure 8 and Failed to Obey This Court's December 21, 2018 Order[12]

In each of the pending motions, the defendants assert that the Court must dismiss Sloan's Amended Complaint because Sloan failed to comply with this Court's December 21, 2018 Memorandum Order and Rule 8. In its December 21, 2018 Order, the Court found that Sloan's Complaint "plainly offend[ed] Federal Rule of Civil Procedure 8." (Dec. 21, 2018 Mem. Order 3.) The Court stated that Sloan's Amended Complaint "must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact." (*Id.* 5 (citing *Sewraz v. Guice*, No. 3:08cv35, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).) The Court also stated that Sloan must include "a short statement of the facts giving rise to his claims for relief" and that he "must clearly identify each federal or state law allegedly violated." (*Id.*) The Court explained that "failure to strictly comply with the Court's directives and with applicable rules will result in dismissal of this action without prejudice." (*Id.* (capitalization omitted).)

Federal Rule of Civil Procedure 8 "requires a *showing of entitlement* to relief," more than just bare allegations. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (emphasis in original). The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id.* at 193. In doing so, a court is not bound to accept as true "legal conclusions couched as factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)

---

[12] District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). "This principle of liberal construction, however, has its limits." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey*, 55 F. Supp. 2d at 421 (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014). Even construing Sloan's Amended Complaint liberally, the Court finds that it does not comport with the Court's December 21, 2018 instructions.

(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Federal Rules of Civil Procedure require such pleading "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the long-standing practice allows a court to construe *pro se* pleadings liberally, *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), "[t]his principle of liberal construction, however, has its limits," *Suggs*, 230 F. Supp. 3d at 461.

Sloan's Amended Complaint, though significantly shorter, does not comply with Federal Rule of Civil Procedure 8. Sloan did not "clearly identify each federal or state law allegedly violated." (Dec. 21, 2018 Order 5.) Sloan's only mention of any law in the Amended Complaint is his introductory statement avowing his purported reliance on the "First, Fifth and Fourteenth Amendments to the Constitution of the United States including Freedom of Religion, the Civil Rights Acts including 42 U.S.C. 1983, 28 U.S.C. 1331, the Voting Rights Acts, the RICO Corrupt Practices Acts, and the right to Petition the Government" as his grounds for invoking this Court's jurisdiction. (Am. Compl. 1.) He ties no later factual allegations to any specific law violated. Similarly, although Sloan has omitted much of the prolix "Nature of the Case" found in his original Complaint, his over 130-paragraph Amended Complaint includes many of the same "unnecessary . . . factual allegations" this Court warned him to exclude. (Dec. 21, 2018 Order 5; *see generally* Am. Compl.) For these reasons, Sloan's prolix Amended Complaint fails to give Defendants reasonable notice of the causes of action brought against them. *See Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).

Sloan's Amended Complaint also does not obey this Court's December 21, 2018 Memorandum Order. The Court previously informed Sloan that "[t]he particularized amended complaint must stand or fall on its own accord." (Dec. 21, 2018 Order 5.) In his Amended Complaint, however, Sloan states that he "[r]epeats and [r]ealleges each and every allegation

7

made in paragraphs 1 through 332 of the original complaint and in all of the paragraphs of the above amended complaint," (Am. Compl. 22.) Because Sloan attempts to bring the same frivolous claims in his Amended Complaint that this Court dismissed in his original Complaint—and he did so in a way that violates Federal Rule of Civil Procedure 8 and directly contradicts this Court's December 21, 2018 Memorandum Order—the Court will, in accordance with its prior warning, dismiss Sloan's Amended Complaint. For this reason, the Court grants each of the pending motions to dismiss.

### III.
### If the Court Were to Consider the Substance of the Pending Motions, It Would Likely Lack Subject Matter Jurisdiction Over Many Defendants

Even if the Court were to consider Sloan's Amended Complaint, the Court would have to dismiss his claims against most of the named defendants based on a lack of subject matter jurisdiction over them.

#### A.  Standard of Review: Rule 12(b)(1)

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject-matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) can attack subject-matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject-matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (citing *Adams*, 697 F.2d at 1219). In such a challenge, a court assumes the truth of the facts alleged by plaintiff. *See id.*

Alternatively, a Rule 12(b)(1) motion may also challenge the existence of subject-matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (citing *Adams*, 697 F.2d at 1219). In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen*, 549 F.2d at 891); *see also Adams*, 697 F.2d at 1219.

### B. Immunity Likely Would Protect Eight of the Defendants From Liability

Were the Court to evaluate jurisdiction, it would likely find an absence of subject matter jurisdiction over the Virginia Judges, now-Judge Petty, the Federal Defendants, Governor Northam, and Virginia Attorney General Herring under either Rule 12(b)(1) standard because immunity protects those defendants from liability. For instance, Sloan attempts to bring a claim against many judges for their actions as a member of the judiciary. As an example, Sloan asserts that he "tried several times to appeal to the Virginia Court of Appeals. However, every time he did that, within a few days Judge Norman Moon, a judge of that court dismissed the appeal." (Am. Compl. 9.) The Supreme Court of the United States, however, long has recognized that judges are entitled to absolute immunity from liability. *See Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 347 (1871) ("a general principle of the highest importance to the proper administration of justice [is] that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.").

9

Because judicial immunity protects judges from personal liability for actions taken while acting as a member of the judiciary, even if the Court were to evaluate Sloan's Amended Complaint, it would have to dismiss Sloan's allegations against each of the four judges he accuses of violating his rights when they handled Sloan's prior cases.

Sloan also contends that a fifth judge, Judge Petty, took several improper actions in his previous role as Commonwealth Attorney for Lynchburg. For instance, Sloan alleges that he "only served 18 months in Powhatan and Dillwyn Prisons in Virginia even though defendant Commonwealth Attorney Willia[m] G. Petty had tried to have him sentenced to 15 years in prison." (Am. Compl. 17–18.) However, prosecutorial immunity would bar Sloan's allegations against now-Judge Petty for actions taken during his tenure as Commonwealth Attorney for Lynchburg. *See Andrews v. Ring*, 585 S.E.2d 780, 785 (Va. 2003) ("In each case where a prosecutor is involved in the charging process, under Virginia law, that action is intimately connected with the prosecutor's role in judicial proceedings and the prosecutor is entitled to absolute immunity from suit for such actions.") For this reason, even looking beyond Sloan's Rule 8 and other procedural failures, the Court likely would dismiss the allegations against now-Judge Petty for actions he took while working as a prosecutor.

Sloan also has not illustrated how that he can overcome the United States' asserted sovereign immunity in order to pursue his claims against either DOJ or United States Attorney General Barr.[13] *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . . Sovereign immunity is

---

[13] The Court notes that Sloan's sole allegation against the United States Department of Justice and Attorney General Barr is that they "are properly named as defendants here because they supervise the FBI and thus should have required the FBI to investigate these crimes to this day." (Am. Compl. 14.) This single sentence cannot suffice to establish a claim showing Sloan is entitled to relief, as required by Rule 8 or Rule 12(b)(6). FED. RS. CIV. P. 8 and 12(b)(6). For this reason, even if the Court concluded that Sloan could overcome the immunity afforded to these defendants, it would likely dismiss Sloan's claims against them.

jurisdictional in nature." (internal citations omitted)). Nor has he demonstrated that he can overcome Eleventh Amendment[14] immunity to pursue his claims against Governor Northam[15] or Attorney General Herring[16] as officials of the Commonwealth of Virginia. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 n.4 (4th Cir. 2005) ("the essence of the immunity is that the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity.").

In sum, Sloan has not established that he can overcome the immunity afforded to each of the four judicial defendants, now-Judge Petty during his previous tenure as Lynchburg's Commonwealth Attorney, the DOJ, United States Attorney General Barr, Governor Northam, and Virginia Attorney General Herring. Thus, even were the Court to liberally construe the allegations in Sloan's Amended Complaint against each of those eight defendants, the Court would have to find Sloan's Amended Complaint lacking any basis for the Court to exercise subject matter jurisdiction as to these claims, meaning all eight defendants would have to be dismissed.

---

[14] The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

[15] Sloan's sparse allegations against Governor Northam include "Ralph Northam, then Governor of Virginia" may serve as Maria Childress's boss, (Am. Compl. 17.), and that "in 2018 the Governor of Virginia signed an order restoring his civil rights so Sloan was able to run for US Congressman," (*id.* 16). Even if the Court were to consider Sloan's allegations against Governor Northam, Sloan likely cannot meet his burden under Rules 8 or 12(b)(6) with these scant factual allegations. *See* FED. RS. CIV. P. 8 and 12(b)(6).

[16] Sloan mentions Virginia Attorney General Herring in his Amended Complaint only once, saying that "Mark Herring, Attorney General of Virginia" may serve as Maria Childress's boss. (Am. Compl. 17.) This single factual allegation (a tentative one at that) likely cannot suffice to meet Sloan's burden under Rules 8 or 12(b)(6). *See* FED. RS. CIV. P. 8 and 12(b)(6).

# IV.
## Even if the Court Were to Assess Sloan's Amended Complaint as to the Remaining Four Defendants, Dismissal for Failure to State a Claim Would Have to Ensue

Further, even if the Court were to consider Sloan's allegations against the three Democratic Party Defendants and Davidson—those defendants not protected by immunity—the Court would likely have to dismiss Sloan's Amended Complaint for failure to allege facts sufficient to state a claim against them.

### A. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff,

they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington Volunteer Fire Dep't v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012).

### B. <u>Sloan Likely Fails to Allege Sufficient Plausible Facts to State a Claim</u>

Beyond his patent failure to abide by Rule 8 or this Court's December 21, 2018 Order, Sloan's Amended Complaint likely would not meet the standard required by Rule 12(b)(6) to sustain claims against the remaining Democratic Party Defendants and Davidson.

Sloan alleges that Maria Childress told his campaign manager that "'her boss' had told her not to allow the name of Plaintiff to appear on the ballot." (Am. Compl. 17.) He also states that "[i]n spite of completing in every way the requirements to get on the ballot, the name of Sam Sloan did not appear in the primary ballot." (*Id.*) Sloan states that "[w]e[17] do not know what the name of her boss is but we infer that her boss must be" Governor Northam, Virginia Attorney General Herring, Shayam Raman, Susan Swecker, or Chris Bolling. (*Id.*) Sloan's choice to name all five as defendants as possible "bosses" involves speculation that *Iqbal* and *Twombly* discourage. *See Iqbal*, 556 U.S. at 676–79; *Twombly*, 550 U.S. at 555. And as the Democratic Party Defendants point out, Sloan "fails to show how this Court would have the jurisdiction to nullify an election that has already taken place and has been certified by the Virginia State Board of Elections." (Mem. Supp. Democratic Party Defs. Mot. Dismiss 2, ECF No. 65.) Even if the Court were to assess Sloan's Amended Complaint and assuming the Court could set aside the completed election, this two-paragraph sparse claim likely would not give rise to a claim against any of the Democratic Party Defendants. Sloan utterly fails to set forth sufficient well-pleaded factual allegations that "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79.

---

[17] Sloan brings his Amended Complaint as the sole named plaintiff, however, several times throughout the Amended Complaint he uses the pronoun "we." (*See* Am. Compl. 17.)

13

Sloan's claims against Davidson—apparently in Davidson's role as an attorney in cases involving the Sloan family—also would likely not raise a viable cause of action. Sloan's contentions against Davidson include that "Frank G. Davidson III filed a custody petition on August 27, 1986 at a time when he knew the child was no longer in the Commonwealth of Virginia," (Am. Compl. 4), and that Davidson received "[a]lmost all of the proceeds for the sale [of Sloan's mother's home] . . . as legal fees," (*id.* 18). Sloan alleges that Davidson "started all this litigation and . . . claimed to be the guardian ad litem for" Sloan's mother. (*Id.*) Sloan maintains that the Virginia Judges, Judge Petty, and Davidson "are clearly guilty of kidnapping and conspiring to kidnap Plaintiff's daughter and the cover-up of these crimes."[18] (*Id.* 24–25.) Although Sloan repeatedly spatters incendiary allegations throughout his Amended Complaint, these "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis*, 588 F.3d at 193 (4th Cir. 2009) (internal quotation marks omitted). Because even a liberal

---

[18] Even if the Court were to address Sloan's allegation that Davidson, the Virginia Judges, and Judge Petty kidnapped Sloan's daughter, the Supreme Court of the United States has recognized that a private individual cannot maintain a criminal prosecution. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). For this reason, Sloan, an individual, could not criminally prosecute these defendants. *See id.*

Similarly, Sloan could not pursue a cause of action against these defendants under a theory of false imprisonment because the statute of limitations bars such a claim. *See Jordan v. Shands*, 500 S.E.2d 215, 218 (Va. 1998) (holding that because false imprisonment constitutes an action for personal injury, a two-year statute of limitations applies). Because Sloan alleges that Davidson, the Virginia Judges, and Judge Petty kidnapped his daughter in 1990, the statute of limitations period for any possible false imprisonment claim has long since passed. *See Jordan*, 500 S.E.2d at 218.

Finally, Sloan cannot maintain his cause of action based on these allegations under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO") because the applicable statute of limitations bars such a claim. Sloan alleges that his daughter was kidnapped in approximately 1990. Sloan filed his original Complaint on April 23, 2018, and his Amended Complaint on January 18, 2019, at least twenty-seven years later. Even if Sloan did not discover the alleged conspiracy until several years after his daughter had been kidnapped, any claim brought under RICO would be barred by the four-year statute of limitations. *See Rotella v. Wood*, 528 U.S. 549, 553–54 (2000) (finding that RICO's four-year statute of limitations begins when "a plaintiff knew or should have known of his injury").

14

reading of Sloan's Amended Complaint remains bereft of any such factual enhancement, even a more substantive evaluation of his Amended Complaint would likely result in a dismissal of the claims against Davidson for failure to state a claim.

## V. Conclusion

For the foregoing reasons, the Court will grant each of the pending motions to dismiss, (ECF Nos. 51, 54, 56, 57, 59, 61, 63), and dismiss with prejudice Sloan's Amended Complaint, (ECF No. 50).

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 9/6/2019
Richmond, Virginia