IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL H. SLOAN,

       Plaintiff,

v.                              Civil Action No. 3:18cv260

MARIA CHILDRESS, *et al.*,

       Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Samuel H. Sloan's Motion to Rehear and Reargue and Reverse this Court's Order (the "Motion for Reconsideration"). (ECF No. 76.) None of the defendants replied to the Motion for Reconsideration and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. For the reasons that follow, the Court will deny the Motion for Reconsideration.

## I. Factual and Procedural Background

### A. Summary of Allegations

In the Motion for Reconsideration, Sloan repeats many of the allegations made in his original Complaint and his Amended Complaint. (*See* Mot. Recons.; Compl., ECF No. 1; Am. Compl., ECF No. 50.) As in both versions of his Complaint, the Motion for Reconsideration fails to lay out a coherent chronology of the events in question or a logical argument with clearly stated supporting facts. Sloan's Motion for Reconsideration repeatedly claims that several of the defendant judges, who are numbered and listed differently in various parts of the Motion for Reconsideration, lacked jurisdiction over the Virginia custody case about one of his daughters,

Shamema Honzagool Sloan, because the case had already been decided in New York. (Mot. Recons. 2–3, 8, 13.) Based on the allegations in the Motion for Reconsideration, Shamema is now approximately thirty-eight years old. (*See id.* ¶ 48.) As with both versions of his Complaint, this claim forms the core of Sloan's objection to this Court's September 6, 2019 Memorandum Opinion and Order and its prior December 21, 2018 Order. (Mot. Recons. 1–2; *see also* Sep. 6, 2019 Mem. Op. & Order, ECF Nos. 74, 75; Dec. 21, 2018 Mem. Order, ECF No. 49.)

For example, Sloan contends that "these four judges named in the complaint . . . did not have even the slightest scintilla of jurisdiction over the case . . . Lawrence Janow and K. Michael Gamble as well as Frank G. Davidson III are hard core criminals. They belong in prison for kidnapping my daughter and my mother," just two of the many kidnappings or attempted kidnappings Sloan describes in the Motion for Reconsideration. (Mot. Recons. ¶ 1, ECF No. 76.) He also states, "Lawrence Janow and K. Michael Gamble as well as Frank G. Davidson III are terrorists who formed a terrorist group . . . with the plan to kidnap my mother and children and have them brought to Virginia where they could then assert jurisdiction over them." (*Id.* ¶ 2.) Throughout the Motion for Reconsideration, Sloan links other defendants to the central events involving these judges saying, for example, "that Judge Moon . . . is in contact with the kidnappers and other defendants and he is part of the RICO Conspiracy." (*Id.* ¶ 107.) Finally, Sloan seeks "to have the Virginia Felony Disenfranchisement Law declared unconstitutional," a request made in both of his prior Complaints. (Mot. for Recons. ¶ 132; Compl. 84; Am. Compl. 24.) Sloan makes this request so that he can regain his constitutional right to vote.

### B. Procedural History

Sloan's original Complaint alleged many crimes, including the kidnapping of his daughter by Judge Janow, Judge Gamble, now–Judge Petty, Judge Moon, Davidson, Charles

Roberts, and Darrell Jay Roberts. Several of the defendants responded with a motion to dismiss, and Charles Roberts and Darrell Jay Roberts, whom Sloan alleges illegally gained custody of Shamema, filed a joint Answer. In its December 21, 2018 Memorandum Order, the Court concluded that Sloan's original Complaint failed to comply with Federal Rule of Civil Procedure 8 and allowed Sloan to file an Amended Complaint. (*See* Dec. 21, 2018 Order.)

Sloan filed his Amended Complaint, which repeats many of the same allegations and pursues the same avenues of relief. The defendants then filed seven separate motions to dismiss, (ECF Nos. 51, 54, 56, 57, 59, 61, 63), and Sloan responded to each of them, (ECF Nos. 67–73). In its September 6, 2019 Order, the Court granted the motions to dismiss and dismissed with prejudice Sloan's Amended Complaint. (*See* Sept. 6, 2019 Order 1.) In the accompanying Memorandum Opinion, the Court concluded that Sloan's Amended Complaint failed to comply with Federal Rule of Civil Procedure 8, that the Court lacked subject matter jurisdiction over several defendants, and that Sloan failed to state a claim against the remaining defendants. (Sep. 6, 2019 Mem. Op. 2–3.) Sloan filed the instant 141-paragraph Motion for Reconsideration on October 3, 2019. (*See generally* Mot. Recons.)

## II. Obligation to Construe *Pro Se* Pleadings Liberally

Because Sloan proceeds *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). "This principle of liberal construction, however, has its limits." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey*, 55 F. Supp. 2d at 421 (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*,

3

statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

Sloan does not identify the federal rule under which he brings the Motion for Reconsideration. Because Sloan filed the Motion for Reconsideration within twenty-seven days of the Court's September 6, 2019 Memorandum Opinion and Order dismissing his case, the Court will construe the Motion for Reconsideration as a motion brought pursuant to Rule 59(e). However, given Sloan's *pro se* status and his frequent filing in this and other courts, the Court will also consider whether Sloan's motion would satisfy the requirements of Rule 60(b) and Rule 60(d).[1] The Court will address each ground in turn.

---

[1] In 2008, the Fourth Circuit stated in a published opinion that

> While not condoning the misstyling of motions, [the Fourth Circuit] nonetheless agree[s] that if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.

*MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

In 2009, the Advisory Committee amended Rule 59 to allow for twenty-eight days to file a motion under Rule 59(e). *See* Fed. R. Civ. P. 59 advisory committee's note to 2009 amendment. In 2017, the Fourth Circuit in an unpublished opinion applied the ten-day rule mentioned in *MLC Automotive*, even though the applicable time period under Rule 59(e) had changed to twenty-eight days. *See Fletcher v. Carter*, 700 Fed. App'x 270, 271 (4th Cir. 2017) (citing *MLC Auto., LLC*, 532 F.3d at 277).

However, in a recent 2020 unpublished opinion, the Fourth Circuit altered the quote from *MLC Automotive* to say "the time period prescribed by Rule 59(e)" instead of ten days and applied the twenty-eight day rule. *See Cohen v. Rosenstein*, No. 19-6620, 2020 WL 584075, at *1 (4th Cir. Feb. 6, 2020) (citing *MLC Auto., LLC*, 532 F.3d at 277).

The Court will construe Sloan's motion under Rule 59(e) because Sloan filed it twenty-seven days after the Court's September 6, 2019 Order, especially given the Fourth Circuit's 2020 opinion in *Cohen. See id.* However, the Court thinks it wise to also address this persistent litigant's filing under both Rule 59(e) and Rule 60. The Court will deny the motion under Rule 59(e) and would deny it under Rule 60 as well.

### III.
### Sloan's Claims Do Not Require an
### Extraordinary Remedy As Provided For in Rule 59(e)

Because Sloan bases his Motion for Reconsideration solely on disagreement with the Court's prior decisions, and because he attempts to relitigate old claims, he fails to demonstrate a need for the extraordinary remedy Federal Rule of Civil Procedure 59(e) provides.

#### A.    Standard of Review:  Rule 59(e)

Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1810.1, at 127–28 (2d ed. 1995)). In short, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion . . ." *Smith v. Donahoe,* 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.,* 148 F.3d at 403). Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor,* 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order). "[T]he purpose of Rule 59(e) motion is to allow a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhauser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

**B.      The Motion for Reconsideration Fails Under Rule 59(e), Because Sloan Presents No Change in Controlling Law, No New Evidence, and No Error of Law or Manifest Injustice Committed by The Court**

Because Sloan filed the Motion for Reconsideration within twenty-seven days of the Court's September 6, 2019 Memorandum Opinion and Order, the Court will construe it as a motion brought pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e) (stating that a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment"); *Cohen*, 2020 WL 584075, at *1. Given Sloan's *pro se* status, the Court considers whether Sloan's motion addresses a change in controlling law, the emergence of new evidence, or the prevention of manifest injustice—the three grounds for relief under Rule 59(e). *Hutchinson*, 994 F.2d at 1081 (citations omitted); *Bracey*, 55 F. Supp. 2d at 421. Although the Motion for Reconsideration does not adequately address any of these grounds for relief under Rule 59(e), the Court assesses each of the three grounds in turn.

First, Sloan falters on the first ground for relief under Rule 59(e) because he does not identify "an intervening change in controlling law" since this Court's decision on September 6, 2019. *Hutchinson*, 994 F.2d at 1081 (citations omitted). Although Sloan refers to several laws that defendants may have violated,[2] he continually returns to his claim that Virginia courts

---

[2] For instance, Sloan identifies the Uniform Child Custody Jurisdiction and Enforcement Act, the International Parental Child Abduction Prevention Act, and the Racketeer Influenced and Corrupt Organizations Act ("RICO") as laws defendants may have violated. (Mot. Recons.

lacked jurisdiction over his daughter's custody case. He makes multiple disconnected arguments to support this claim. For example, he avers that Virginia courts lacked jurisdiction because his daughter was born in New York City, (Mot. Recons. ¶ 48), and that "[he] and [his] daughter, the child were not in the Commonwealth of Virginia," (*id.* ¶ 2). He also baldly asserts that Judge Janow, Judge Gamble, and Judge Davidson "are terrorists who formed a terrorist group that chased [Sloan's family] around the world . . . with the plan to kidnap [his] mother and children and have them brought to Virginia where they could then assert jurisdiction over them." (*Id.*) He later avers that courts in Virginia could not have had jurisdiction because New York courts, including the New York Supreme Court, had already decided his child's custody case in what Pakistani terrorists persuaded New York papers and television stations to sensationalize as a "teen sex slave" trial. (*Id.* ¶¶ 3, 63–65.)

These arguments do not address the *controlling law* thoroughly explained in the Court's September 6, 2019 Opinion:  namely, Sloan's failure to comply with Federal Rule of Civil Procedure 8; his failure to obey this Court's December 21, 2018 Order; this Court's likely lack of subject matter jurisdiction over many of the defendants; and, Sloan's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) against the remaining defendants. This *controlling law* has not changed in the time since the Court's September 6, 2019 Memorandum Opinion and Order issued. Therefore, the Motion for Reconsideration fails under the first ground of relief under Rule 59(e)—"an intervening change in controlling law." *Hutchinson*, 994 F.2d at 1081.

---

¶¶ 5–6, 107.) Sloan alleges that Judge Moon participated in a RICO conspiracy because he ruled that the custody case was long settled, establishing that he "is in contact with the kidnappers and other defendants." (*Id.* ¶¶ 106–07.) Sloan provides no plausible factual basis to support these claims. Sloan also identified these laws in his Amended Complaint, but the Court rejected them in its September 6, 2019 Memorandum Opinion.

7

Second, Sloan fails to identify "new evidence" previously unavailable to him, which is the second ground for relief under Rule 59(e).  *Id.*  Candidly, after rehashing many of the claims stated in his original Complaint and in his Amended Complaint, Sloan reports that "[n]one of the above is new.  All this was explained at the beginning of this case when a complaint was filed." (Mot. Recons. ¶ 89.)  Sloan also argues that if the case were "allowed to go forward" the facts would emerge "through Freedom of Information Act or testimony of witnesses."  (*Id.* ¶¶ 99, 122.)  This Court cannot grant a Rule 59(e) motion on the possibility of new evidence materializing.  *See Manton v. Strain*, No. 11-785, 2013 WL 3070886, at *2 n.7 (E.D. La. June 17, 2013) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), which discusses a Rule 59(e) motion).  Indeed, even this far into these prolonged proceedings, Sloan presents no new evidence that would require the Court to reconsider its prior decisions.  For this reason, the Motion for Reconsideration also fails under the second ground for relief under Rule 59(e) because Sloan offers no plausible "new evidence" in support of his Motion for Reconsideration. *Hutchinson*, 994 F.2d at 1081.

Third, Sloan fails to demonstrate the third ground for relief under Rule 59(e), to "correct a clear error of law or prevent a manifest injustice."  *Id.*  Because this ground for relief contains two reasons to grant a motion—error or manifest injustice—the Court will address them separately.

First, Sloan maintains the Court erred in denying him relief, stating he "feel[s] that this court has overlooked or ignored the basic point to this case and the more than two thousand pages of exhibits attached to this complaint."  (*Id.* ¶ 1.)  Sloan also seeks to counter the Court's ruling that it lacks subject matter jurisdiction over many of the defendants due to the immunity they enjoy as judges or other government officials, but he fails to meet the Rule 59(e) standard when addressing this point.  (Mot. Recons. ¶¶ 1–2; *see* Sep. 6, 2019 Mem. Op.)  Sloan asserts

8

that he has "long been aware of a line of cases beginning with *Pierson vs. Ray*, 386 U.S. 547 (1967)[3] that states that judges are immune from suit as long as they had jurisdiction over the case before them." (Mot. Recons. ¶ 1.) Although Sloan mentions this aspect of the Court's September 6, 2019 Opinion, he fails to advance a valid legal argument that immunity for any defendant judge does *not* apply here. Rather, he states that he "believe[s] this court is mistaken." (*Id.* ¶ 28.) Again, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion . . . " *Smith,* 917 F. Supp. 2d at 572 (citing *Pac. Ins. Co.,* 148 F.3d at 403). Therefore, the Motion for Reconsideration fails to show a need to "correct a clear error of law," and does not satisfy this aspect of the third ground for relief under Rule 59(e). *Hutchinson,* 994 F.2d at 1081.

Second, the Motion for Reconsideration also does not show a need to "prevent a manifest injustice," the second basis articulated as underpinning the third ground for relief under Rule 59(e). *Id.* Throughout his filings, Sloan baldly repeats that his family has endured manifest injustice as a result of the loss of custody of his daughter, but he fails to make an argument that this Court has erred in its ruling on the law, or to meet the high threshold required of a Rule 59(e) motion. To properly plead a Rule 59(e) motion, Sloan must state "more than an expression of a view of the law contrary to that set forth in the Court's opinion." *Durkin,* 444 F. Supp. at

---

[3] In *Pierson v. Ray* the Supreme Court of the United States addressed "whether a local judge is liable for damages under § 1983 for an unconstitutional conviction." 386 U.S. at 551. The defendant judge served as a municipal police justice and convicted fifteen clergymen of violating a state racial segregation law in Mississippi in 1961, which the Supreme Court held unconstitutional in a separate 1965 case. *Id.* at 549–50. In *Pierson,* decided two years later in 1967, the Supreme Court upheld the defendant judge's immunity finding that, per long standing common law, judges have absolute immunity when acting in their judicial capacity. *Id.* at 553–54. The Supreme Court affirmed that a judge's "errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Id.* at 554.
   The facts in *Pierson* do not relate to the facts Sloan alleges in the Motion for Reconsideration. He appears to cite the case to demonstrate his understanding of judicial immunity. *Pierson* does not affect the Court's analysis of the Motion for Reconsideration.

889. Because he has failed to do so, the Motion for Reconsideration also does not to show a

need for the Court to reconsider its prior Opinions and Orders "to prevent manifest injustice."

*Hutchinson*, 994 F.2d at 1081. Thus, Sloan does not establish any basis for reconsideration to

prevent a manifest injustice.

Because the Motion for Reconsideration fails to meet any of the grounds for relief under

Rule 59(e), modification of this Court's September 6, 2019 Opinion would be an "extraordinary

remedy" not warranted in this case and the Motion for Reconsideration fails under Rule 59(e).

*Pac. Ins. Co.*, 148 F.3d at 403.

**IV.**
**Sloan's Motion Would Not Demonstrate the Threshold Meritorious Claim or the**
**Exceptional Circumstances Required to Reverse This Court's Decision Under Rule 60(b)**

Even though the Court must only evaluate the Motion for Reconsideration under Rule

59(e), *see* Fed. R. Civ. P. 59(e); *Cohen*, 2020 WL 584075, at *1, in an effort to comprehensively

review this motion lodged by a frequent litigant, the Court now turns to Rule 60(b). Sloan's

reassertion of claims this Court has already reviewed when assessing his Complaint, Amended

Complaint, and Motion for Reconsideration under Rule 59(e) does not constitute a meritorious

claim. Nor do these allegations exhibit exceptional circumstances. Because both are required to

merit relief under Federal Rule of Civil Procedure 60(b), if the Court were to consider the

Motion for Reconsideration under Rule 60(b), the Court would deny it under that Rule as well.

**A.**      **Standard of Review: Rule 60(b)**

Federal Rule of Civil Procedure 60(b) allows a court to

> relieve a party . . . from a final judgment, order, or proceeding for the following
> reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic), misrepresentation, or misconduct by an
> opposing party; (4) the judgment is void; (5) the judgment has been satisfied,
> released, or discharged; it is based on an earlier judgment that has been reversed or

vacated; or applying it prospectively is no longer equitable; or, (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Providing relief under Rule 60(b) constitutes "an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States,* 340 U.S. 193, 202 (1950)).  The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness,[4] 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe,* 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram,* 652 F.3d 496, 501 (4th Cir. 2011)) (stating that even a "postjudgment change in decisional law . . . rarely provide[s] sufficiently extraordinary circumstances to justify relief under Rule 60(b)(6)" (citations omitted)).  A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 933 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir. 1984)).  Only after a showing of these "exceptional circumstances" may a Court find relief under one of the six factors.[5] *Mayfield,* 674 F.3d at 378.

### B.   Because the Motion for Reconsideration Fails to State a Meritorious Claim and Does Not Establish Exceptional Circumstances, It Would Fail to Justify a Reversal of This Court's Decision

Because Sloan filed the Motion for Reconsideration within twenty-seven days of the Court's September 6, 2019 Memorandum Opinion and Order dismissing his Amended

---

[4] Federal Rule of Civil Procedure 60 requires that "[a] motion under Rule 60(b) . . . be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Sloan filed the Motion for Reconsideration twenty-seven days after the Court entered its September 6, 2019 Memorandum Opinion and Order.  Therefore, the Motion for Reconsideration would be timely under Rule 60.  *See* Fed. R. Civ. P. 60(c)(1).

[5] Because Sloan does not meet the threshold requirements of Rule 60(b), the Court would not need to reach the subsections of the Rule.

Complaint, Sloan would have timely filed the Motion for Reconsideration under Rule 60. *See* Fed. R. Civ. P. 60(c)(1). Therefore, given Sloan's persistent filing and his *pro se* status, the Court would evaluate whether the Motion for Reconsideration sets forth the "meritorious claim or defense" to satisfy Rule 60(b) and, next, whether he identifies any "exceptional circumstances" required for relief under Rule 60(b)(6). *Coleman,* 633 F. App'x. at 120 (quoting *Aikens,* 652 F.3d at 501); *Dowell,* 933 F.2d at 48 (quoting *Werner,* 731 F.2d at 207). Sloan's assertions in the Motion for Reconsideration would not satisfy either of these threshold requirements.

First, Sloan, as in his first two Complaints, would fail to state a "meritorious claim or defense" in the instant Motion for Reconsideration. *See Coleman*, 633 F. App'x at 120. As stated in this Court's September 6, 2019 Opinion, "Federal Rule of Civil Procedure 8 'requires a *showing of entitlement* to relief,' more than just bare allegations." (Sep. 6, 2019 Mem. Op. 6 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (emphasis in original)). In that Memorandum Opinion, the Court concluded that in his Amended Complaint, "Sloan did not 'clearly identify each federal or state law allegedly violated.' . . . He ties no later factual allegations to any specific law violated[, and] . . . his over 130-paragraph Amended Complaint includes many of the same 'unnecessary . . . factual allegations' this Court warned him to exclude." (*Id.* 7 (quoting Dec. 21, 2018 Order 5).) Similar to the Amended Complaint, the Motion for Reconsideration once again fails to tie factual allegations to a specific law violated. It also restates unnecessary factual allegations previously stated in both the original Complaint and the Amended Complaint. As Sloan himself states in the motion, "[n]one of the above [allegations are] new. All this was explained at the beginning of this case when the complaint was filed." (Mot. Recons. ¶ 89.) For the same reasons he did not demonstrate a meritorious

claim in his Complaint and his Amended Complaint, Sloan would fail to state a meritorious claim in his 141-paragraph Motion for Reconsideration.

Similarly, Sloan could not show "exceptional circumstances" as required by Rule 60(b). *Dowell,* 933 F.2d at 48 (quoting *Werner,* 731 F.2d at 207). Simply reasserting old claims, without valid legal arguments to support these claims, does not rise to the level of demonstrating the "exceptional circumstances" required by Rule 60(b)(6). *Id.* Because the Motion for Reconsideration would fail to meet the threshold requirements of Rule 60(b), it would also falter under that Rule. The Court now turns to Rule 60(d)(3).

## V.
## Sloan's Motion Provides No Valid Evidence of Fraud Perpetrated on This Court by Defendants or Their Attorneys as Required by Rule 60(d)(3)

Sloan's Motion for Reconsideration would also founder under Rule 60(d)(3), the final rule that would allow the Court to reconsider its prior decision.

### A.   Standard of Review:  Rule 60(d)(3)

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court requires that a litigant show more than "ordinary fraud" by the opposing party. *Fox v. Elk Run Coal Co., Inc.,* 739 F.3d 131, 136 (4th Cir. 2014). The litigant must demonstrate that the fraud "not only . . . involve[s] an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." *Id.* Examples include "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coast Express Inc. v. Int'l Bhd. Teamsters,* 675 F.2d 1349, 1356 (4th Cir. 1982).

13

**B.     Because Sloan Could Not Establish the Influence of Fraudulent Behavior on The Court, No Basis for Reversing This Court's Decision Would Exist Under Rule 60(d)(3)**

Finally, for the reasons stated above, the Court evaluates whether Sloan's motion would address fraud on the court as required for relief under Rule 60(d)(3). *Fox,* 739 F.3d at 136. The Motion for Reconsideration would not provide grounds for reversing this Court's decision on the basis of fraud.

Sloan would fail to demonstrate that "the integrity of the court and its ability to function impartially is directly impinged" by the actions of the defendants. *Great Coast Express,* 675 F.2d at 1356. Sloan's claims contain multiple bald assertions of fact and legal conclusions which are wide-ranging and cover multiple events and defendants. But Sloan's primary, repeated concern is that a group of judges in Virginia decided a custody case involving his daughter without the necessary jurisdiction. Sloan states, "these four judges named in the complaint, including two past judges and one future judge, did not have even the slightest scintilla of jurisdiction over the case." (Mot. Recons. 2.) The Motion for Reconsideration then elaborates by saying, without cognizable legal or factual basis, that the judges in question "are terrorists who formed a terrorist group . . . with the plan to kidnap my mother and children and have them brought to Virginia where they could assert jurisdiction over them," and that the judges exhibited a "pattern of complete lawlessness." (*Id.* ¶¶ 2, 20.) Even if these unsupported factual assertions could plausibly advance fraudulent conduct, they would not articulate any undue influence the defendants may have had over *this Court* and its rulings. Rule 60(d)(3) requires a demonstration of fraud involving the judgment in question, or the judgment Sloan is asking the Court to reverse. *See* Fed. R. Civ. P. 60(d)(3). In sum, Sloan could not to demonstrate any fraudulent activity related to this Court or its prior Orders.

14

Sloan also protests the failure of the former Motions to Dismiss to "[address] the important central facts of this case which are that the subject child was born . . . in New York City . . . and Virginia has never had proper legal jurisdiction over this child." (*Id.* ¶ 48.)  This statement fails to demonstrate how the defendants, their attorneys, or their motions successfully compromised "the integrity of the court and its ability to function impartially." *Great Coast Express,* 675 F.2d at 1356.  Without a clear basis for claiming direct fraud on this Court, Sloan would fail to meet the requirements for relief under Rule 60(d)(3), if the Court were to consider the Motion for Reconsideration as brought under Rule 60(d)(3).

## VI. Conclusion

For the foregoing reasons, and as to every basis considered, the Court will deny Sloan's Motion for Reconsideration.  (ECF No. 76.)

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: 5/14/2020
Richmond, Virginia

15